# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RICKYE B. HENDERSON,           )
                               )
       Plaintiff,           )
                               )
vs.                            )     NO. CIV-12-1321-HE
                               )
OKLAHOMA ENVIRONMENTAL         )
MANAGEMENT AUTHORITY,          )
                               )
       Defendants.          )

## ORDER

Plaintiff Rickye B. Henderson filed this case against his former employer, Oklahoma Environmental Management Authority ("OEMA" hereafter), following OEMA's termination of his employment. Henderson alleges race-based claims, under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, for wrongful termination, hostile work environment, and retaliation. He alleges the same claims under Title VII as discrimination based on sex or gender. He also asserts a state law claim under the Oklahoma Anti-Discrimination Act, Okla. Stat. tit. 25, § 1101. Defendant has moved for summary judgment.[1] Plaintiff has responded and the motion is at issue.

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In making that determination, a court views the evidence and the reasonable

---

[1]*Defendant's motion suggested a potential issue as to the proper party defendant. Pursuant to the joint motion of the parties [Doc. #23], OEMA was substituted as the proper entity [Doc. #24].*

1

inferences therefrom in the light most favorable to the non-moving party. Garrison v. Gambro Inc., 428 F.3d 933, 935 (10th Cir. 2005). A factual dispute is not "genuine" if the non-movant can do no more than "simply show that there is some metaphysical doubt as to the material facts." Champagne Metals v. Ken-Mac Metals, Inc., 458 F.3d 1073, 1084 (10th Cir. 2006). To carry his burden, the non-movant must present more than a "scintilla" of evidence. Rice v. United States, 166 F.3d 1088, 1092 (10th Cir. 1999). Summary judgment is appropriate if the evidence is so one-sided that one party must prevail as a matter of law. Simpson v. Univ. of Colo. Boulder, 500 F.3d 1170, 1179 (10th Cir. 2007).

Applying these standards, the court concludes defendant's motion should be granted in part and denied in part.

## Background

The background facts are substantially undisputed. Defendant OEMA is a waste management company. It owns a landfill, hauls trash for both residential and commercial customers, and has a recycling program. Plaintiff, an African American male, began working for OEMA as part of a work release program while he was serving time in prison. He continued to work there after his release to a halfway house. On June 6, 2011, after he left the halfway house, plaintiff was hired by OEMA as a full-time employee. He was hired by David Griesel, the General Manager at OEMA, and Danny Derieg, the Operations Manager ("Griesel" and "Derieg" hereafter, respectively).

Plaintiff initially worked as a trash thrower on the back of a trash truck. Sometime later, plaintiff was moved from his position as trash thrower to the position of compactor

2

operator at the landfill.[2] This transfer did not involve any change in pay or benefits, but plaintiff has offered evidence that the new position was viewed by him and others as a "better position." *See* Plaintiff's Response [Doc. #19, pg. 7]; DeBaun Declaration [Doc. #19-3, para. 10]. In approximately January of 2012, plaintiff was removed from his position on the compactor and returned to a collection route. On March 12, 2012, plaintiff's employment was terminated by OEMA.

Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC" hereafter) complaining of race and sex discrimination by the defendant. The EEOC issued a notice of right to sue on August 20, 2012. This suit followed.

## Discussion

Broadly stated, plaintiff's claims are based on allegations that he was subjected to a hostile work environment based on racial and sexual comments and conduct of Danny Derieg, the Operations Manager, that he complained of the conduct to Derieg or David Griesel, and that he suffered retaliation as a result. He argues that his termination and other adverse actions taken against him were based on his race and sex or on retaliation for his complaints. Defendant denies the conduct alleged as the basis for the hostile work environment claims and contends plaintiff was terminated based on his failure to come to work on multiple occasions.

---

[2]*The parties dispute the exact date plaintiff began operating the compactor, but it was between September and November of 2011.*

3

As a threshold matter, the court notes the very sketchy nature of plaintiff's briefing as to multiple issues in the case. With a few exceptions, the response brief devotes itself largely to stating general principles of law, without addressing in any specific fashion how those principles apply here, and makes little effort to identify pertinent facts in connection with the arguments to which they relate. It is not the court's job to construct the arguments for the parties or to ferret out the facts which might support them.

Race-based claims

Because plaintiff has not submitted direct evidence of race discrimination,[3] his claims are analyzed under the McDonnell Douglas[4] burden-shifting framework. EEOC v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1191 (10th Cir. 2000). Under that framework, the plaintiff must first make out a prima facie case of discrimination or retaliation. *Id.* Once the plaintiff does so, the burden shifts to the defendant to articulate a facially nondiscriminatory or nonretaliatory reason for the adverse employment action suffered by the plaintiff. *Id.* At this stage, the defendant's burden is one of production rather than persuasion. *Id.* If defendant makes the necessary showing, plaintiff then "bears the ultimate burden of demonstrating that [defendant's] proffered reason is pretextual." Vaughn v. Epworth Villa, 537 F.3d 1147, 1150 (10th Cir. 2008) (internal quotations omitted). The ultimate burden of proving intentional discrimination is on the plaintiff.

---

[3]*Plaintiff appears to concede that there is no direct evidence of discrimination, as he focuses entirely on the McDonnell Douglas analysis.*

[4]*McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802–04 (1973).*

Horizon/CMS, 220 F.3d at 1191-92.

## *i. Descriminatory discharge*

With respect to the claim for discriminatory discharge based on race,[5] plaintiff must make a prima facie showing that he (1) was a member of a protected class, (2) was qualified and satisfactorily performing his job, and (3) was terminated under circumstances giving rise to an inference of discrimination. Barlow v. C.R. England, Inc., 703 F.3d 497, 504 (10th Cir. 2012). Defendant challenges the second and third elements.

OEMA argues plaintiff was not performing his job satisfactorily because he did not check the oil in the compactor as instructed and, by the time of his termination, was showing up for work late or sometimes not at all. The matter of checking the oil is directly disputed by plaintiff's evidentiary submissions. Further, the Tenth Circuit has "long held that even in the face of alleged work rules violations 'a plaintiff may make out a prima facie case of discrimination in a discharge case by credible evidence that [he] continued to possess the objective qualifications [he] held when [he] was hired, or by [his] own testimony that [his] work was satisfactory, even when disputed by [his] employer, or by evidence that [he] had held [his] position for a significant period of time.'" Mattera v. Gambro, Inc., 94 F. App'x 725, 728 (10th Cir. 2004) (quoting MacDonald v. E. Wyo. Mental Health Ctr., 941 F.2d 1115, 1121 (10th Cir. 1991)). Here, plaintiff's own testimony and the declaration of Larry DeBaun, a former employee, are evidence that plaintiff was satisfactorily performing his job

---

[5]*The elements of plaintiff's prima facie case are the same for both his § 1981 and Title VII claims.* Carney v. City & Cnty. of Denver, 534 F.3d 1269, 1273 (10th Cir. 2008).

and are sufficient to make out a prima facie showing as to the second element.

The third element is more problematic. Plaintiff's response brief offers no meaningful discussion of what facts he views as supporting an inference of discrimination as to the termination decision. In some circumstances, evidence of "actions or remarks made by decisionmakers" can be enough to support an inference of discrimination, Barlow, 703 F.3d at 505, but plaintiff makes no effort to show any temporal or other connection between the comments and conduct of Derieg and the decision to terminate.[6] Plaintiff's evidence as to the "checking the oil" dispute might support some kind of inference, but that event took place two months before the termination. Plaintiff has offered evidence that his hours were lowered in the final months before his termination. It is less than clear that, given plaintiff's transportation and other difficulties, the change in hours supports an inference of racial discrimination. In any event, the court concludes that, if plaintiff has met this third element of a prima facie case at all, he has done so only by the slimmest of margins. As noted previously, it is not the court's job to construct arguments and analysis for the plaintiff or any party.

Even assuming a prima facie case has been made out, the court concludes plaintiff has failed to present evidence sufficient to create a justiciable question as to pretext. Defendant's stated reason for terminating plaintiff—his tendency to show up late or not at all—is a

---

[6]*Plaintiff's evidence is to the effect that Derieg engaged in the comments/conduct throughout the period he was employed.*

legitimate reason for termination and plaintiff has offered no evidence to challenge defendant's assertions as to that fact. Plaintiff argues that defendant has no <u>written</u> evidence to document his attendance on particular dates or times, but there is no requirement that only written documentation can be relied on in this context. Defendant has offered the testimony of Derieg and a declaration from Griesel to the effect that plaintiff didn't show up for work or want to work.[7] In response to defendant's submissions, plaintiff offers zero evidence. He denies the allegations, but offers no evidence to support the denial. In the summary judgment context, a party asserting that a genuine issue of fact exists must support that assertion by depositions, declarations, or materials of some kind which support the assertion. Fed. R. Civ. P. 56(c)(1). An unsupported denial in a brief is insufficient.

There is no other evidence offered which obviously supports an inference of pretext. It is possible that such evidence exists, but plaintiff makes no effort to point it out or to explain what he views as suggesting pretext. It is not the court's job to construct an argument for him.

Defendant's motion will be sustained as to plaintiff's claim for wrongful discharge based on race.

### ii. Retaliation

---

[7]*Derieg's testimony is that he terminated plaintiff because he didn't show up for work and didn't want to work "on the back of a truck." [Doc. #17-2, pg. 105]. Griesel's declaration [Doc. #17-1] indicates plaintiff failed to appear for work on multiple occasions throughout his employment. It is not clear that Griesel's declaration is made on personal knowledge, but plaintiff does not challenge the assertion on hearsay or other grounds, except to note the absence of written documentation.*

7

Under the McDonnell Douglas framework, a plaintiff asserting a retaliation claim must make a prima facie showing that (1) he engaged in protected opposition to discrimination, (2) he was subjected to an adverse employment action, and (3) that a causal connection exists between the protected activity and the adverse action. Luster v. Vilsack, 667 F.3d 1089, 1096 (10th Cir. 2011). Plaintiff's claim fails because it is undisputed that he never complained about any alleged racial remarks. *See* [Doc. #17, pg. 15, para. 36]; [Doc. #19, pg. 1] ("Henderson admits . . . fact[] . . . 36."). As there is no showing of protected activity, the motion will be granted as to the claim of retaliatory discharge based on race.

### iii. Hostile Work Environment

"For a hostile environment claim to survive a summary judgment motion, a plaintiff must show that a rational jury could find that the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1280 (10th Cir. 2005) (quoting Penry v. Fed. Home Loan of Topeka, 155 F.3d 1257, 1261 (10th Cir. 1998)). When evaluating whether a working environment is sufficiently hostile or abusive, the court "examine[s] all the circumstances, including: (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance." *Id*.

Although plaintiff's evidence as to comments by Derieg focuses principally on

alleged "gay" comments, he has submitted evidence that he was subjected to derogatory racial comments on a regular basis. The declaration of LeBraun, a former employee, is to the effect that Derieg "routinely mocked blacks" in various ways, that he did so in plaintiff's presence, and that his behavior "in mocking blacks occurred in the break room on many occasions over a continuous period while Rickye was employed at OEMA . . . ." [Doc. #19-3, paras. 12-14]. Plaintiff also testified to instances of Derieg telling racial jokes and using derogatory terms to describe other racial groups. Moreover, comments reflecting harassment based on sex/gender may also be considered in evaluating the severity of the conduct, and plaintiff has offered evidence of comments going to sex. *See* Hicks v. Gates Rubber Co., 833 F.2d 1406, 1416 (10th Cir. 1987). The court concludes plaintiff has presented sufficient evidence to create a justiciable question as to whether Derieg's actions created a hostile work environment based on race.[8]

Sex-based claims.

Plaintiff's complaint includes Title VII claims for wrongful discharge, retaliation and hostile work environment, based on sex/gender.

*i. Discriminatory discharge*

---

[8]*Defendant argues that it is shielded from liability under the Faragher/Ellerth affirmative defense. See Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998). However, defendant has provided no evidence of any policy or procedure that would constitute an adequate preventative measure sufficient to invoke the defense. See Helm v. Kansas, 656 F.3d 1277, 1285-89 (10th Cir. 2011).*

9

It is not clear that plaintiff seriously asserts a claim for wrongful discharge based on sex. His response brief says nothing about it. He is a man who was fired by other men, in an employment setting where, both before and after his termination, all the employees appear to have been men, and men are not a suspect class. If plaintiff is asserting such a claim, it is viewed as a reverse discrimination claim, and plaintiff must "establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority." Notari v. Denver Water Dep't, 971 F.2d 585, 589 (10th Cir. 1992). "Alternatively, a plaintiff may produce facts 'sufficient to support a reasonable inference that but for plaintiff's status the challenged decision would not have occurred.'" Argo v. Blue Cross & Blue Shield of Kan., 452 F.3d 1193, 1201 (10th Cir. 2006) (quoting Notari, 585 F.2d at 590). Reverse discrimination cases have a higher evidentiary standard than ordinary discrimination cases. Adamson v. Multi Cmty. Diversified Servs., Inc., 514 F.3d 1136, 1144 (10th Cir. 2008).

As plaintiff does not even attempt the necessary showing in his brief, it is unnecessary to belabor the question. The motion will be granted insofar as plaintiff asserts a claim for discriminatory discharge based on sex.

*ii. Hostile work environment*

In a same-sex discrimination case, there are "three evidentiary routes in which an inference of discrimination because of sex can be drawn in the hostile work environment context." Dick v. Phone Directories Co., Inc., 397 F.3d 1256, 1263-64 (10th Cir. 2005) (citing Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80-81(1998)). The first is

if there is evidence that the conduct was motived by sexual desire. *Id.* at 1264-65. Second, a hostile work environment may be found "when a [man] harasses another [man] 'in such sex-specific and derogatory terms . . . as to make it clear that the harasser is motivated by general hostility to the presence of [men] in the workplace.'" *Id.* Third, it may be found where plaintiff can provide evidence that the "harasser treats men and women differently in the workplace." *Id.* "Whatever evidentiary route the plaintiff chooses to follow, he or she must always prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted 'discrimina[tion] . . . because of . . . sex.'" Oncale at 81.

It is unclear on which evidentiary route plaintiff relies, but the court concludes that he has not provided evidence to support any of them. There is no evidence that Derieg, the alleged harasser, was motivated by sexual desire. Further, there is no evidence that Derieg was motivated by general hostility towards men in the workplace. As stated, he worked entirely with men. Finally, there is no evidence that Derieg treated men and women differently in the workplace. Plaintiff has not carried his burden to establish a hostile work environment based on sex, and defendant's motion will be granted as to that claim.

### iii. Retaliation

As noted above, a plaintiff seeking to make out a prima facie showing of retaliation under Title VII must show that (1) he engaged in protected opposition to discrimination, (2) that he was subjected to an adverse employment action, and (3) that a causal connection exists between the protected activity and the adverse action. Defendant challenges the first

element, arguing that plaintiff did not object to a practice made actionable by the anti-discrimination statutes. The court agrees.

Plaintiff's evidence is that he complained to Griesel on multiple occasions about abusive comments of a sexual nature from Derieg. The comments he objected to were to what he viewed as "gay stuff." Plaintiff's deposition testimony described his arguably sex-related complaints to Griesel this way [Doc. #19-4, dep. pp. 74-5] :

Q. What did you complain about specifically?

A. Okay. Well, Danny – I don't know if this is just something they do out there or whatever. But they'd be – they'd be talking about a lot of gay stuff, man. You know, and telling each other to blow each other. And, you know, he felt like he could talk to me like that.

And I told David – I mean not David but Danny. I told Danny. I said "Hey, man, I don't appreciate a person telling me to, you know, do that and telling me, you know, I look, you know, like a woman and I act like a woman, you know, I can't take, you know, criticism and just all kind of stuff, man."

And I told him. I said, "Hey, man, I'm not comfortable with it, man, with you talking like that on gay stuff.

. . .

I told David Griesel, I said "Hey, man," I said, "I'd appreciate it if you'd talk to Danny, you know, about him making them comments, man, in a sexual way." I said, "Man, I'm 100 percent man. I'm married. And some of the things that, you know, he – he's talking about, man, that's disrespectful to me. You know, it's really sexual harassment."

Such comments, if made, surely constitute crude and obnoxious behavior, but that does not make them actionable "sexual harassment" within the meaning of Title VII, or a basis for a retaliation claim.

12

Opposition to an employer's conduct is protected by Title VII only if it is opposition to a practice made unlawful by Title VII. <u>Petersen v. Utah Dep't. of Corr.</u>, 301 F.3d 1182, 1188 (10th Cir. 2002). Title VII, however, does not protect against sexual orientation discrimination. <u>Larson v. United Air Lines</u>, 482 F. App'x 344, 351 (10th Cir. 2012). It prohibits only conduct that falls within the definition of discrimination based on sex or gender. Therefore, in circumstances like those existing here, where there is no evidence suggesting a basis for same sex activity constituting discrimination based on "sex" (per discussion of <u>Oncale</u> above), plaintiff's complaints did not constitute objections to conduct prohibited by Title VII. His complaints were therefore not protected activity within the meaning of the statute.[9] Defendant's motion will be granted as to plaintiff's sex-based retaliation claim.

State Law Claims

Defendant has moved for summary judgment as to plaintiff's claims under the Oklahoma Anti-Discrimination Act. Plaintiff's response wholly ignores—does not even mention—defendant's challenge to the state law claims. Plaintiff has thereby confessed the motion. The motion will be granted as to the state law claims.

<u>Conclusion</u>

---

[9]*It is true that a plaintiff may maintain, and potentially prevail on, a claim for retaliation even though the underlying conduct is ultimately determined not to have violated Title VII. <u>Dick v. Phone Directories Co.</u>, 397 F.3d 1256, 1267 (10th Cir. 2005). Here, however, unlike <u>Dick</u> (which also involved a same sex situation), there is no evidence offered which might arguably establish sex discrimination by any of the evidentiary avenues outlined in <u>Oncale</u>.*

13

For the reasons stated, defendant's motion for summary judgment [Doc. #17] will be **DENIED** as to the hostile work environment claim based on race and **GRANTED** as to all other claims.

**IT IS SO ORDERED**.

Dated this 25th day of October, 2013.

JOE HEATON
UNITED STATES DISTRICT JUDGE